# UNITED STATES DISTRICT COURT

for the

## Western District of Kentucky
## Paducah Division

| | | |
|---|---|---|
| Ronald C. Ward | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  5:16-cv-157-TBR |
| | ) | |
| Unifund CCR Partners | ) | |
| *Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Credit Card Receivables Fund, Inc. | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
|     ZB Limited Partnership | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |

# COMPLAINT and DEMAND FOR JURY TRIAL

\*     \*     \*     \*     \*

## INTRODUCTION

1.     This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.      Plaintiff Ronald C. Ward is a natural person who resides in Graves County, Ky. Mr. Ward is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Unifund CCR Partners ("Unifund") is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

5.      Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

6.      Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

7.      On March 28, 2008, Unifund filed suit against Mr. Ward in the Graves Circuit Court of Graves County, Kentucky under Case No. 08-CI-00179 (the "State Court Lawsuit"). A true and accurate copy of the complaint in the State Court Lawsuit is attached as Exhibit "A."

8.      Unifund's complaint was an attempt to collect a charged-off credit card originated by Citibank USA, N.A. ("Citibank").

9.      The Citibank credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Citibank credit card debt a "debt" within the meaning of the FDCPA.

10.     The complaint in the State Court Lawsuit avers *inter alia* that Mr. Ward owed Unifund the principal amount of $5,433.16 plus interest at the rate of 21.00% per annum from August 9, 2005.

11.     On October 16, 2008, Unifund moved for default judgment. Unifund's motion for default judgment included no evidence or business documents that established Mr. Ward's liability for the Citibank debt. A true and accurate copy of Unifund's October 16, 2008 motion for default judgment is attached as Exhibit "B."

12.     The Graves Circuit Court entered default judgment in Unifund's favor against Mr. Ward on October 17, 2008 (the "Judgment"). A true and accurate copy of the Judgment is attached hereto as Exhibit "C."

13.     The Judgment awarded Unifund the principal "sum of $5433.16 plus interest at the rate of 21.00% from 08/09/2005 in the amount of $4,908.13 for a total of $10,341.29, plus interest at the rate of 12% hereafter." *Id.*  The default judgment also awarded Unifund its "court costs expended herein." *Id.*

14.     According to the terms of the Judgment, the amount of prejudgment interest due and owing on the date the Judgment was entered was not $4,908.13, but $3,644.83 ($5,433.16 x .21/365 x 1,166 days (the number of days between August 9, 2005 and October 17, 2008). This makes the amount of the Judgment on the date it was entered $9,077.99.

15.     While the Judgment awards "court costs" to Unifund, no amount of court costs is included or set forth in the amount of the Judgment.

16.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

17.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

18.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

19.     Unifund did not file a bill of costs in the State Court Lawsuit.

20.     Unifund did not serve a bill of costs on Mr. Ward.

21.     There is no supplemental judgment entered in the State Court Lawsuit awarding Unifund costs.

22.     On or about November 20, 2008, Unifund filed a notice of judgment lien pursuant to the Judgment with the Graves County Clerk of Graves County, Kentucky (the "Judgment Lien"). A true and accurate copy of the Judgment Lien is attached as Exhibit "D."

23.     Unifund filed the Judgment Lien in attempt to collect the Citibank credit card debt from Mr. Ward. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir.).

24.     The Judgment Lien contains the following information:

| | |
|---|---|
| Judgment Date: | 10/16/2008 |
| Judgment Amount: | $10,537.29 |
| Court Costs to Date: | $196.00 |
| Awarded Attorney Fees: | $0.00 |
| Balance as of 10/29/2008: | $10,574.75 |

25.     The Judgment Lien grossly overstates the amount of the debt and the Judgment. As stated *supra*, the amount of principal and interest due on the Judgment on the date the Judgment was entered was $9,077.99.

26.     Additionally, on October 29, 2008, the date on which the Judgment Lien accrues a total balance due and owing on the Judgment, the post-judgment interest due on the Judgment was $41.78 ($9,077.99 x .12/365 x 36 days (the number of days between October 16, 2008 and November 20, 2009), making the total principal and interest due on the Judgment on October 29, 2008 $9,119.77.

27.     This means that the Judgment Lien overstates the amount of the judgment by $1,454.98 ($10,574.75 - $9,119.77).

28.     As to court costs, Unifund was not entitled to recover any court costs from Mr. Ward because Unifund never filed a bill of costs in the State Court Lawsuit pursuant to the Judgment.

29.     As of the date of the filing this complaint, Unifund has not amended or released the Judgment Lien.

30.     Between September 4, 2009 and July 21, 2015, Unifund filed and served nine separate garnishments in an attempt to collect the Judgment from Mr. Ward.

31.     In each garnishment, Unifund added court costs of at least $10.00.

32.     Unifund collected approximately $115.00 by means of the nine garnishments it filed between September 4, 2009 and July 21, 2015.

33.     Upon information and belief, Unifund applied the approximately $115.00 it collected by means of the nine garnishments it filed between September 4, 2009 and July 21, 2015 towards recovery of its self-awarded court costs and collection expenses, even though it has never filed a bill of costs pursuant to the judgment or obtained a supplemental judgment for its costs, and even though some or all of its collection expenses are not recoverable as court costs under Kentucky law.

34.     Unifund filed and served a non-wage garnishment on Paducah Bank on January 25, 2016 in an attempt to collect the Judgment from Mr. Ward (the "Tenth Garnishment"). A true and accurate copy of the Tenth Garnishment is attached as Exhibit "E."

35.     Unifund's Tenth Garnishment states that the amount due and owing on the Judgment is $24,692.09 as of January 15, 2016, the date on which Unifund's counsel executed the affidavit accompanying the garnishment. Per the accompanying order of garnishment, the total of $24,692.09 consisted of $24,613.32 due and owing on the Judgment, plus $88.77 in "Probable Court Costs."

36.     With compounding post-judgment interest on the Judgment from the date of judgment in the amount of $9,077.99, with credits made for funds Unifund collected from Mr. Ward by garnishment before that date, the most the amount due and owing on the judgment could have been as of January 25, 2016 was $20,507.74. So the Tenth Garnishment overstated the amount due on the Judgment by at least $4,184.35.

37.     In response to the Tenth Garnishment, Paducah Bank took $28.15 from Mr. Ward's bank account and remitted these funds to Unifund on or about March 21, 2015.

38.     Upon information and belief, Unifund applied some or all of the $28.15 it received by means of the Tenth Garnishment towards recovery of its court costs and collection expenses, even though it has never filed a bill of costs pursuant to the judgment or obtained a supplemental judgment for its costs, and even though some or all of its collection expenses are not recoverable as court costs under Kentucky law.

39.     Unifund filed and served a further non-wage garnishment on Paducah Bank on August 11, 2016 in an attempt to collect the Judgment from Mr. Ward (the "Eleventh

Garnishment"). A true and accurate copy of the Eleventh Garnishment is attached as Exhibit "F."

40.     Unifund's Eleventh Garnishment states that the amount due and owing on the Judgment is $24,592.10 as of August 11, 2016. Per the order of garnishment, the total of $24,592.10 consisted of $24,582.10 due and owing on the judgment, plus $10.00 in "Probable Court Costs."

41.     With compounding post-judgment interest on the Judgment from the date of judgment in the amount of $9,077.99, with credits made for funds Unifund collected from Mr. Ward by garnishment before that date, the most the amount due and owing on the judgment could have been as of August 11, 2016 was $21,875.94. So the Eleventh Garnishment overstated the amount due on the judgment by at least $2,716.16.

42.     In response to the Eleventh Garnishment, Paducah Bank took $24.44 from Mr. Ward's bank account and remitted these funds to Unifund on or about September 16, 2016.

43.     Upon information and belief, Unifund applied some or all of the $24.44 it received by means of the Eleventh Garnishment towards recovery of its court costs and collection expenses, even though it has never filed a bill of costs pursuant to the judgment or obtained a supplemental judgment for its costs, and even though some or all of its collection expenses are not recoverable as court costs under Kentucky law.

44.     Upon information and belief, the overstated amount of $4,184.35 sought by Unifund in its Tenth Garnishment, and of $2,716.16 sought in its Eleventh Garnishment, consists in whole or in part of interest accrued well in excess of the legal rate of 12% provided for by KRS 360.040.

45.     The legal rate of interest under Kentucky law is 8.00% per annum.

46.     The 21.00% per annum interest rate awarded to Unifund in the Judgment is grossly in excess of the legal rate.

47.     The 21.00% per annum interest rate awarded to Unifund in the Judgment is usurious under Kentucky law. Consequently, Unifund has forfeited its right to recover *any* interest from Mr. Ward by attempting to collect interest at a usurious interest rate:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

48.     Further, Mr. Ward has the right to recover twice the usurious interest paid to Unifund under the Tenth and Eleventh Garnishments:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the creditors taking or receiving the same: provided, that such action is commenced within two (2) years from the time the usurious transaction occurred.

*Id.*

49.     The Default Judgment is no bar to Mr. Ward's cause of action under KRS 360.020. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

50.     The funds taken out of Mr. Ward's bank account have caused great economic hardship for Mr. Ward.

51.     The repeated garnishments have also taken a huge emotional, psychological, and physical toll on Mr. Ward.

52.     Unifund violated the FDCPA by misrepresenting the amount of the debt in its garnishments and judgment liens, including costs and fees in the amount of court costs listed in its garnishments and judgment liens that are not allowable as court costs, and including a claim for court costs in its garnishments and judgment liens where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

### I.     Claims against Unifund CCR, LLC and/or Unifund CCR Partners

#### A.     Violations of the FDCPA

53.     The foregoing acts and omissions of Unifund CCR, LLC and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

#### B.     Violation of KRS 360.020

54.     Unifund filed numerous garnishments against Mr. Ward that included simple interest accrued at 21% per annum.

55.     The 21% per annum accrued interest violates the interest permitted by KRS 360.010.

56.     By collecting usurious interest from Mr. Ward, Unifund has forfeited the right to any interest from Mr. Ward under the Judgment.

57.     Under KRS 360.020, Mr. Ward has the right to recover twice the usurious interest paid to Unifund under the Tenth and Eleventh Garnishments.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ronald C. Ward requests that the Court grant him the following relief:

1.   Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as the result of the court costs and overstated interest paid to Unifund under Unifund's eleven non-wage garnishments;

2.   Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against Defendant;

3.   Declare that Unifund has forfeited the right to recover any interest on the Judgment as a result of its collection of usurious interest pursuant to KRS 360.020;

4.   Award Plaintiff twice the total usurious interest paid to Unifund under the Tenth and Eleventh Garnishments pursuant to KRS 360.020;

5.   Award Plaintiff reasonable attorney's fees and costs;

6.   A trial by jury; and

7.   Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4

Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com